[No. 3826. Decided December 28, 1901.]

THE STATE OF WASHINGTON, *Respondent,* v. WONG QUONG, *Appellant.*

LARCENY — NON-CONSENT OF OWNER — EVIDENCE.

Non-consent of the owner of property alleged to have been stolen is merely one of the elements of larceny, to be proven as other elements of the crime, and is not necessarily proven by the testimony of the owner alone, but may be shown by circumstantial evidence.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*George T. Thompson* and *W. T. Dovell,* for appellant.

PER CURIAM. The appellant was convicted of the crime of grand larceny. From the judgment and sentence pronounced thereon, he appeals. The case is here on the objection that the evidence is insufficient to justify the verdict. From the record it appears that the appellant was working at the house of one B. D. Crocker, in the city of Walla Walla, at which there was stopping temporarily a Mrs. O'Neil, a sister of Mrs. Crocker. Mrs. O'Neil was the owner of a ring in which was set a diamond of considerable value, which ring she kept in a tray in her room when not wearing it. When preparing to leave the house of her sister, it was discovered that the diamond was gone; having been removed from its setting in the ring. This was on Sunday. On the Friday before, towards evening, Mr. Crocker, while in the library of the house, heard a peculiar noise in the upstairs part of the house, "as if a Chinaman was shuffling with his feet, or a child barefooted." On going to ascertain the cause of the noise, he heard the weights of a window strike against the sides of the casing,

and, on reaching Mrs. O'Neil's room, found the window open which he says was a very unusual thing. This window lead to a porch which extended around the house, having a door opening onto it from a hall at the head of the kitchen stairway. The appellant had access to this room, as well as other rooms in the house, being employed as a house servant. The diamond was found on and taken from the possession of the appellant at the time of his arrest. It was shown that he had the diamond, with some money, in a belt which he wore around his waist, and that, while freely giving up his money, he attempted to secrete the diamond from the officer who was searching him. Testifying in his own behalf, he said that he found the diamond near the walk leading to the porch of Mr. Crocker's house, that he did not know it was of value, that no inquiry was made about it of him, and that, had such inquiry been made, he would have shown it to the person so inquiring. Mrs. O'Neil was not present to testify at the trial, and, while the state offered some evidence tending to explain her absence, the testimony was stricken on motion of the appellant.

This is substantially all that appears from the record tending to connect the defendant with the crime charged. The principal objection urged is that it fails to show non-consent of the owner of the property to the taking. But non-consent of the owner of property alleged to have been stolen is simply one of the elements of larceny, to be proven by the same means and in the same manner as all the other elements must be proven. It may be shown by the circumstances of the case; and the question of the sufficiency of such circumstances to establish the fact is usually one for the jury, and not for the court. It will not do to say that it can be proven only by the owner. The

public have an interest in seeing that the guilty are punished, and this rule would permit the escape of all at whose trial the state was unable to procure the attendance of such owner. The state, when the charge is larceny, must satisfy the jury beyond a reasonable doubt that a larceny has been committed. This it does from the whole of the evidence, and, if that whole tends substantially to support the entire issue, the appellate court cannot say the jury were not justified in their finding. In the case before us, we think the evidence tended to cover all of the elements necessary to constitute larceny.

The judgment is affirmed.