FRED BOLMAN v. STATE.

No. A-36. Opinion Filed April 7, 1909.

(101 Pac. 135.)

1. **APPEAL—Review—Sufficiency of Evidence.** Where the verdict of the jury has been approved by the trial court, the Criminal Court of Appeals will not review the record for the purpose of ascertaining or determining the weight or sufficiency of the evidence, where there is any evidence to support the verdict, or where the evidence is conflicting.

2. **SAME—Conflicting Evidence.** Where there is a direct contradiction between two witnesses, it is for the jury to determine which is worthy of belief, and their determination ordinarily ought to be sustained.

(Syllabus by the Court.)

*Error from Grady County Court: N. M. Williams, Judge.*

Fred Bolman was convicted of violation of a liquor law, and brings error. Affirmed.

The plaintiff in error (hereinafter designated as defendant) was on the 4th day of March, 1908, found guilty of selling intoxicating liquors, as charged in an information filed in said county court on the 2d day of January, 1908, wherein said defendant was charged with selling intoxicating liquors to Joe Earl and Milas Beddingfield. A. H. Jones, a witness for the state, testified that he was a farmer living at Pocaset; that on the 2d day of January, 1908, he was in a joint near the Savoy Hotel in Chickasha, Okla., with a man by the name of Beddingfield, and while there Beddingfield asked for a bottle, threw down a dollar, and defendant gave him a bottle of whisky, and they all took a drink of it; that said bottle contained whisky. Defendant testified on his own behalf. He denied that he had sold any whisky to Beddingfield, but admitted that he was working in said joint at said time. The jury returned a verdict of guilty, and motion for a new trial was filed on the 7th day of March,

1908.   On the 7th day of March, 1908, the court overruled the motion for a new trial, and sentenced the defendant to pay a fine of $200, costs of suit, and 30 days in the county jail, to all of which defendant excepted.   On November 28, 1908, defendant filed his petition in error and case-made with the clerk of the Criminal Court of Appeals.   At the March, 1909, term of this court, said cause was submitted.

*F. E. Riddle,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

DOYLE, JUDGE. (after stating the facts as above).   The petition sets forth several assignments of error, such as error in overruling the challenge to the array of jurors, error in the introduction of testimony, error in the instructions of the court, and error in overruling motion for a new trial, all of which are argued in the brief filed on defendant's behalf.

We have carefully examined the record in said cause, and our conclusion is that there is no merit in the assignments of error.   The defendant had a fair and impartial trial.   The court fully, fairly, and correctly stated the law of the case in the instructions given to the jury.   It is, however, urged that there was not sufficient evidence to warrant the conviction of the defendant.   The witness Jones testified that the defendant sold a bottle of whisky to one Beddingfield in said joint.   The defendant denies that there was any such sale made.   There was a flat contradiction between the statements of these witnesses, and it was for the jury to judge of their veracity, and, having done so, and their verdict having received the approval of the trial court in overruling the motion for a new trial, this court will not review the record for the purpose of determining the sufficiency of the evidence.   The jury had the witnesses before them, and could see their manner of testifying, and they, no doubt, in determining the truth, took into consideration all the attending circumstances of the case.   The defendant was interested in the event of the trial and the prosecuting witness was not, so far as the record discloses.   This of itself, for aught we can know, may

have fully warranted the jury in giving credence to the evidence of the prosecuting witness. For anything we can know the manner and conduct of the defendant when on the stand may have been such as to satisfy the jury that he was unworthy of belief. The questions of procedure raised are settled in the case of *Howard v. State* (opinion of the court by Judge Baker, decided at this term) *ante,* p, 200, 101 Pac. 131.

For the reasons hereinbefore stated, the judgment of the county court of Grady county is hereby affirmed, with directions to the court below to carry the sentence and judgment into execution.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.