NAT HINES v. UNITED STATES.

No. 15.    Opinion Filed September 7, 1909.

(103 Pac. 879.)

1.    APPEAL—Review—Sufficiency of Evidence.    When the instructions of the court are not included in the transcript, and the record contains any evidence from which the jury could legitimately draw the conclusion of guilt, a conviction will not be reversed solely upon the ground that the testimony does not support the verdict.

2.    SAME—Instructions Not in Transcript.    When the instructions to the jury are not included in the transcript of the record, this court will assume that they are correct, and that all of the rights of the defendant were properly protected.

3.    SAME—Dismissal—Defective Record.    It is the duty of counsel to exercise the utmost care in the preparation of record on appeal.    If they do not desire to have their appeals dismissed, they must discharge this duty faithfully.

4.    LARCENY—Evidence—Concealing Stolen Goods.    For facts which sustain a verdict of guilty of larceny, and of knowingly concealing stolen property, see opinion.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; Wm. R. Lawrence, Judge.*

Nat Hines was convicted of larceny, and he appeals. Affirmed.

.    *Williams & Williams,* for appellant.

*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst Atty. Gen., for the United States.

FURMAN, PRESIDING JUDGE.    The defendant was jointly indicted with one Charley Parks.    The indictment contained two counts, viz.:    First, for the larceny of horses; second, for knowingly receiving stolen property, to wit, the horses alleged to have been stolen.    This was permissible under the statute then in force in the Indian Territory.    Section 1452, Carter's Ind. T. Ann. St. 1899, is as follows:

"The offenses named in each of the subdivisions of this section may be charged in an indictment. First, larceny and knowingly receiving stolen property."

After the evidence was introduced, no motion was made to require the prosecution to elect which count it would rely upon to secure a conviction, and the case was submitted to the jury, without objection, on both counts in the indictment. The jury found the defendant guilty. The record does not contain the instructions of the court. We are therefore bound to hold that the jury were properly instructed as to the law of the case, and that the rights of the defendant were fully protected.

Only one question is presented in the brief of counsel for the defendant, and that is as to the sufficiency of the evidence to support the verdict of the jury. Want of consent of the owner of stolen property to its being taken may be proven by circumstantial evidence. In this case it is shown by the testimony in the record that the owner of the horses charged to have been stolen lost the horses in question; that he inquired for the horses, and found and regained possession of them; and that he had the defendant arrested and prosecuted for having been a party to their theft and of knowingly having received stolen property. These circumstances fully warranted the jury in believing that the horses were taken without the consent of the owner. But one witness connected the defendant with the stolen horses. His testimony is as follows:

"G. W. Price, called as a witness on the part of the plaintiff, being first duly sworn according to law, testifies as follows: 'My name is G. W. Price, I live at Stroud, Oklahoma Territory. I met Charley Parks and Nat Hine on Sunday, October 28, 1906, at my livery and sale barn. I never knew either of them before. Parks spoke to me about trading horses. He wanted a cheaper horse, and wanted to get some boot; that he was broke. Hines was with him most of the time, and stated that the horse was a good horse; that he knew the horse. I saw them about 5 o'clock in the evening. They came in soon after I came in, and Parks spoke to me about the trade. We talked it over, and looked at each other's horses, and closed the trade Monday morn-

ing, by me giving him $20 to boot. I gave Parks my check for $19.50. The other 50 cents was for a bed which I stood good for. Hines did not claim any interest in the horse, but bragged on the horse. I saw them the last time between 9 and 10 o'clock that morning. They were in a buggy with two horses; one of them being the one I traded to Parks. They were driving out of town, headed west. Whenever I saw them they were together, except the time I gave Parks the check, which I did at a blacksmith shop near my barn. Parks went to blacksmith shop alone with me. I gave check for $19.50 payable to Charley Parks. The horse I traded for from Charley Parks was afterwards claimed and recovered by W. W. Foster, of Owasso, Indian Territory. Parks came to my barn and put up his team for the night. I traded horses with him the next morning, after trying him to a single buggy and satisfying myself that he would work all right singly. Hines had nothing to do with the trade.' "

If this witness was worthy of belief, his evidence established the fact that, while the defendant did not claim to have possession of the horse and did not trade the horse to the witness Price, yet the defendant was not only with Parks, but assisted him in making the trade, by stating that he knew the horse, and that it was a good horse, and bragging on the horse. From this the jury was warranted in finding that the defendant was acting with Parks in the commission of the crime. There being this evidence in the record, and the jury being the exclusive judges of the credibility of the witnesses and the weight of the testimony, we cannot agree with the contention of counsel for the defendant that the verdict is contrary to and not supported by the testimony. The rule is that, where the record contains any testimony from which the jury could legitimately draw the conclusion of guilt, the verdict will not be disturbed upon the ground that it is contrary to the evidence.

The record in this case contains many errors and omissions, and we would have been fully justified in dismissing the appeal upon this ground; but we dislike to pursue this course. We are not disposed to deprive a defendant of the right of appeal upon

technical grounds, and have not done so in the past when we could possibly avoid it. But we desire to again admonish counsel for the defense that it is their duty to exercise great care in preparing their records upon appeal, and see that they contain all things which are necessary to give this court jurisdiction, and that they fully present all matters which are necessary to enable this court to intelligently pass upon the questions involved. After having repeatedly warned counsel about the necessity of sending up full and correct records, we may become more strict about such matters in the future.

Affirmed.

DOYLE and OWEN, JUDGES, concur.