## W. H. STACK v. STATE.

No. 309. Opinion Filed September 25, 1909.

(103 Pac. 1068.)

1.    APPEAL—Review—Briefs. Questions not clearly presented in the brief of counsel for the defendant will be treated as waived, unless they relate to fundamental errors.

2.    SAME—Review—Conflict of Evidence. When the record contains testimony from which the jury could legitimately draw the conclusion of the guilt of the defendant, a verdict will not be set aside on account of a conflict in the evidence.

(Syllabus by the Court.)

*Appeal from Comanche County Court; James H. Wolverton, Judge.*

W. H. Stack was convicted of violating the prohibitory law, and he appeals. Affirmed.

*S. M. Cunningham,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. The brief of counsel for the defendant sets out the motion for a new trial as follows:

"Motion for New Trial. State of Oklahoma, County of Comanche. In the County Court of Comanche County, Oklahoma. State of Oklahoma v. W. H. Stack. Comes now the defendant, W. H. Stack, and moves the court to set aside the verdict rendered against him in the above styled case on the 1st day of April, 1908, and grant him a new trial because the same is not supported by the law and the testimony. [Signed.] S. M. Cunningham, Attorney for Defendant."

Under the repeated rulings of this court all questions not clearly presented in the brief of counsel, unless involving fundamental errors, are waived. The motion for a new trial, copied in the brief, does not point out any specific error, or in any manner raise any other issue except that the verdict is not supported by the law and the evidence. There is no reference to any questions saved by exceptions. So there is but one question before us, and that is as to the sufficiency of the evidence to support the verdict.

W. T. Glen, a deputy sheriff of Comanche county, testified that on the 28th day of November, 1907, he met a man named Hall on the streets of Lawton, and that Hall was drinking, and he asked Hall where he got his whisky. Upon objection the witness was not allowed to tell what Hall said. The witness then went with Hall to the back door of defendant's place of business. Witness searched Hall, and Hall did not have a bottle of whisky on him. Hall then entered the defendant's place of business. The witness climbed up on a barrel and looked into the room through a glass window, and saw the defendant in the room. The witness saw the defendant go around behind a bar in the room and get a bottle and give it to Hall. Hall then opened the door and came out and began to drink. Witness got down off of the barrel, and took the bottle away from Hall. Witness testified positively that the bottle contained whisky and that this occurred in Comanche county, Okla.

I. I. Mitchell testified that he was a constable. His testimony was substantially the same as that of the preceding witness, except that this witness did not look in at the window and did not swear positively to the contents of the bottle which Hall got in

defendant's place of business. This witness said it looked like "booze." The defendant denied having sold or given any whisky to Hall. It was simply a question as to the credibility of the witnesses, and, the jury having believed the testimony for the state, there is nothing left for this court to do except affirm the judgment of the lower court.

DOYLE and OWEN, JUDGES, concur.

## ON MOTION FOR REHEARING.

### Denied December 7, 1909.

#### (105 Pac. 320.)

1. **TRIAL—Objections Waived.** After a defendant has voluntarily gone to trial, it is too late to make the objection that he has not been informed of the nature and cause of the accusation against him, and has not been served with a copy thereof.

2. **PROSECUTION FOR MISDEMEANOR—Arraignment.** A new trial will not be granted in a misdemeanor case because the record does not show that the defendant was arraigned, or that he waived arraignment.

(Syllabus by the Court.)

PER CURIAM. In their motion for a rehearing, counsel complain that in the original opinion this court overlooked two of the propositions relied upon by the defendant and presented in their brief as grounds for the reversal of the judgment of the lower court, viz.: (1) That the record does not show that the defendant was ever furnished with a copy of the information; (2) that the record does not show that the defendant was ever arraigned and entered his plea to the information, or that arraignment and plea were waived.

First. It is true that section 20 of the Bill of Rights (article 2) of the state Constitution, among other things, does say:

"He shall be informed of the nature and cause of the accusation against him and have a copy thereof."

The defendant voluntarily went to trial without objection upon the ground that he had not been informed of the nature and cause of the accusation against him. It is now too late to raise this question. Even if this were not true, the record shows that the defendant demurred to the information. This conclusively shows that he did know the nature and cause of the accusation against him, and had access to a copy thereof.

The other ground is equally as unfounded. The clerk's minutes of the trial are made a part of the record by our statute. These show that the defendant was arraigned and pleaded not guilty. But, even if this were not so, a new trial would not be granted in a misdemeanor case upon the ground relied upon.

In *Markinson v. State, ante,* p. 323, 101 Pac. 353, Judge Doyle, speaking for this court, said:

"The first question that is presented by defendant for our consideration is that 'defendant was never arraigned, or even entered any plea, or was given any opportunity to plead.' The record does not show that the defendant was arraigned and pleaded to the amended information. No objection appears to have been made upon this ground in the court below. The record shows that on March 31, 1908, after a demurrer to the original information had been sustained an amended information was filed, and on April 1, 1908, defendant filed his demurrer to said amended information, which demurrer was by the court overruled. Whereupon defendant filed his motion to quash the panel and array of jurors, which motion was by the court overruled. The case proceeded to trial without further objection, and the defendant was duly tried. We cannot reverse a judgment in a misdemeanor case for the reason alone that the record does not show an arraignment and plea by the defendant. Section 5307, Wilson's Rev. & Ann. St. 1903, provides: 'An information may be amended in matter and substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant, no amendment shall cause any delay of the trial, unless for good cause shown by affidavit.' And section 5380, Wilson's Rev. & Ann. St. 1903 provides: 'If the indictment is for a felony the defendant must be personally present, but if for a misdemeanor only, his personal

appearance is unnecessary, and he may appear upon the arraignment by counsel.' Under this provision of our statute, the personal appearance of the defendant in a misdemeanor is unnecessary for the purpose of arraignment and plea. Where the record does not, as in this case, disclose an arraignment and plea, unless there is something to show affirmatively that the defendant was not arraigned and did not plead, such arraignment will be presumed; and where the record fails to show any objection to proceeding to trial, the question will not be considered by this court when raised for the first time in the petition in error."

The motion for a rehearing is denied.