In their motion for a rehearing, counsel complain that in the original opinion this court overlooked two of the propositions relied upon by the defendant and presented in their brief as grounds for the reversal of the judgment of the lower court, viz.: (1) That the record does not show that the defendant was ever furnished with a copy of the information; (2) that the record does not show that the defendant was ever arraigned and entered his plea to the information, or that arraignment and plea were waived.
First. It is true that section 20 of the Bill of Rights (article 2) of the state Constitution, among other things, does say:
"He shall be informed of the nature and cause of the accusation against him and have a copy thereof." *Page 700 
The defendant voluntarily went to trial without objection upon the ground that he had not been informed of the nature and cause of the accusation against him. It is now too late to raise this question. Even if this were not true, the record shows that the defendant demurred to the information. This conclusively shows that he did know the nature and cause of the accusation against him, and had access to a copy thereof.
The other ground is equally as unfounded. The clerk's minutes of the trial are made a part of the record by our statute. These show that the defendant was arraigned and pleaded not guilty. But, even if this were not so, a new trial would not be granted in a misdemeanor case upon the ground relied upon.
In Markinson v. State, ante, p. 323, 101 P. 353, Judge Doyle, speaking for this court, said:
"The first question that is presented by defendant for our consideration is that `defendant was never arraigned, or even entered any plea, or was given any opportunity to plead.' The record does not show that the defendant was arraigned and pleaded to the amended information. No objection appears to have been made upon this ground in the court below. The record shows that on March 31, 1908, after a demurrer to the original information had been sustained an amended information was filed, and on April 1, 1908, defendant filed his demurrer to said amended information, which demurrer was by the court overruled. Whereupon defendant filed his motion to quash the panel and array of jurors, which motion was by the court overruled. The case proceeded to trial without further objection, and the defendant was duly tried. We cannot reverse a judgment in a misdemeanor case for the reason alone that the record does not show an arraignment and plea by the defendant. Section 5307, Wilson's Rev. Ann. St. 1903, provides: `An information may be amended in matter and substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant, no amendment shall cause any delay of the trial, unless for good cause shown by affidavit.' And section 5380, Wilson's Rev. Ann. St. 1903 provides: `If the indictment is for a felony the defendant must be personally present, but if for a misdemeanor only, his personal *Page 701 
appearance is unnecessary, and he may appear upon the arraignment by counsel.' Under this provision of our statute, the personal appearance of the defendant in a misdemeanor is unnecessary for the purpose of arraignment and plea. Where the record does not, as in this case, disclose an arraignment and plea, unless there is something to show affirmatively that the defendant was not arraigned and did not plead, such arraignment will be presumed; and where the record fails to show any objection to proceeding to trial, the question will not be considered by this court when raised for the first time in the petition in error."
The motion for a rehearing is denied.