## HENRY FLANDERS v. STATE.

### No. A-730.   Opinion Filed November 8, 1911.

#### (118 Pac. 593.)

1.   **APPEAL AND ERROR**—Review—Sufficiency of Evidence. Where the evidence is conflicting, and that on behalf of the state such that, if believed by the jury, a verdict of guilty should result, the judgment of conviction will not be reversed on the ground that the verdict is contrary to the evidence and weight of the evidence.

2.   **APPEAL AND ERROR**—Review—Sufficiency of Evidence. The correctness of a verdict which has been sustained by the trial court will not be reviewed on appeal on arguments directed to the credibility of a witness or the weight to be given to his testimony.

(Syllabus by the Court.)

*Appeal from Craig County Court; Theo. D. B. Frear, Judge.*

Henry Flanders was convicted of violation of the prohibition law, and appeals. · Affirmed.

The plaintiff in error was indicted in the district court of Craig county, wherein he was charged with unlawfully selling whisky to one Noah Miller. The indictment was duly transferred to the county court of Craig county. Upon his trial he was found guilty, and, on February 21, 1910, was sentenced to be confined in the county jail for a term of 30 days, and pay a fine of $50.

The evidence is substantially as follows: Noah Miller testified for the state that he lived at Wimer, and had been acquainted with the defendant for about four years; that about the time alleged in the indictment he went to the defendant's home on Brush creek; that Cale Chance was with him; that it was about 9 o'clock in the morning when they arrived at the defendant's house; that the defendant was at his barn; that witness asked him for some whisky, and defendant said he had some, and went and brought two quarts, for which he paid him $4; that Cale Chance and witness drank all of the whisky. On

cross-examination, he admitted that he was drunk on the day he appeared as a witness before the grand jury.

On his own behalf, the defendant testified that he lived on a farm 28 miles north of Vinita, in Craig county. Was acquainted with Noah Miller. That he was at his home some time in August. Came there about 10 o'clock at night. Said he was pretty near starved to death. That he gave him a drink, and gave him supper. That he was at that time making hay. That Miller stayed that night with the hired hands in his barn, and did not leave until the next morning after breakfast. That he did not sell him any whisky, and had nothing to. do with selling whisky.

From an order overruling a motion for a new trial, an appeal was taken by filing in this court, on April 21, 1910, a petition in error with case-made.

*James S. Davenport,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. (after stating the facts as above). It is only necessary to consider the first two assignments of error:

"That the verdict is contrary to the law, and to the evidence and weight of the evidence."

It is true the evidence against the defendant is weak and somewhat contradictory. For this reason, we have carefully scrutinized the record for errors of law, but we have failed to find any. The rulings of the court upon the trial were eminently fair, and the instructions given by the court were clear and correct, and fully present the law of the case. This is all that is necessary to say in response to the criticisms upon the instructions in the defendant's brief.

It is insisted that the evidence is insufficient to sustain the verdict, and that the trial court erred in overruling the motion for a new trial, for the reason that the state's witness, Noah Miller, was in such a drunken condition when he testified as to render him incompetent as a witness. It is shown by the record that there was no objection interposed as to the competency of this witness when he testified. The motion for a new

trial contains a statement that the court reprimanded the witness for coming on the witness stand in such a condition, but the record does not support this statement. Where a new trial is asked solely upon the ground that the verdict is contrary to the evidence, great weight is always given, and justly so, to the verdict of the jury and the judgment of the court sustaining the same, and the cases are few in which this court has interfered. Under the rules of law, it is the exclusive province of the jury to determine whether the evidence tending to prove the guilt of the defendant is so lacking in convincing force as to leave an intelligent and discriminating mind no doubt as to the truth of charge; and in reviewing questions of fact upon appeal to this court, if there is a fair conflict in the evidence, or it is such that different inferences can be properly drawn from it, the determination of the jury will not be interfered with, unless it is clearly contrary to the weight of evidence, or appears to have been rendered under the influence of passion or prejudice.

There was a flat contradiction between the testimony of the witness for the state and the defendant's testimony on his own behalf. It was for the jury to judge of their credibleness, and having done so, and their verdict having received the approval of the trial court in overruling the motion for a new trial, this court will not review the record for the purpose of determining the weight and sufficiency of the evidence. The correctness of a verdict which has been sustained by the trial court will not be reviewed on appeal on arguments directed to the credibility of a witness, or the weight to be given to his testimony.

We are clearly of the opinion that the defendant had a fair and impartial trial. The judgment of the county court of Craig county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.