## MITCHELL BIGFEATHER v. STATE.

No. A-1250.    Opinion Filed June 1, 1912.

(123 Pac. 1026.)

1.   **TRIAL—Indorsement on Information or Indictment—Appeal—Discretion of Court.** (a) In felony cases less than capital the names of additional witnesses may be indorsed on an information or indictment at any time within the discretion of the court, and this discretion will not be reviewed upon appeal unless the record shows that it was abused.
      (b) The law does not require that the names of witnesses used in rebuttal shall be indorsed on an indictment or information.

2.   **NEW TRIAL—Grounds—Verdict Contrary to Evidence.** Our statute provides that a new trial may be granted when the verdict is contrary to the evidence. It is not enough that the court may be of the opinion that the weight of the evidence is against the verdict, but the court must go further and find that there is no evidence in the record from which the jury could rationally conclude that the appellant was guilty before we would be authorized to grant a new trial upon the ground of the insufficiency of the testimony, unless it should appear from the record that the jury were influenced by improper motives in arriving at their verdict.

(Syllabus by the Court.)

*Appeal from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Mitchell Bigfeather was convicted of manslaughter in the first degree, and his punishment assessed at four years in the state penitentiary, and he appeals.   Affirmed.

*J. W. Watts, Ed M. Frye,* and *Bernstein & Spiers,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *T. P. Shackleford,* Co. Atty., for the State.

FURMAN, P. J.   First. Appellant was indicted for manslaughter in the first degree.   In their brief, counsel for appellant claim that the court erred in allowing the county attorney to indorse on the back of the indictment the names of additional witnesses called in chief, and that the court erred in allowing the witnesses whose names were so indorsed to testify in behalf of the state.   Counsel do not show how they were injured by this action of the court.   An inspection of the record shows that, while three of the witnesses so indorsed on the back of the indictment did testify in chief, yet they did not testify to any material facts in the case, and their testimony was only cumulative of other witnesses for the state, and was not in any manner contradicted or the truthfulness of their testimony denied by appellant.   The only witness whose name was so indorsed on the indictment who testified to any material fact was called in rebuttal.   It is not necessary to indorse the names of rebuttal witnesses on an indictment or information.   In felony cases less than capital the names of additional witnesses may be indorsed on an indictment or information at any time within the discretion of the court, and this discretion will not be reviewed upon appeal unless the record shows that it was abused.   See *Ralph Hawkins v. State, infra,* 123 Pac. 1024; *Ford v. State,* 5 Okla. Cr. 240, 114 Pac. 273.

Second.   Counsel for appellant contend that the verdict of the jury is not supported by the testimony.   Our statute provides that a new trial may be granted on this ground only when the verdict of the jury is contrary to the evidence.   See section 6896, Comp. Laws 1909.   It is not enough that the court may be of the

opinion that the weight of the evidence is against the verdict, for the jury are the exclusive judges of the weight of the evidence and the credibility of the witnesses. We have therefore uniformly held that, when there is any evidence in the record from which the jury might legitimately conclude that the appellant is guilty, a new trial should not be granted for the insufficiency of the evidence. See *Boucher v. State,* 6 Okla. Cr. 387, 118 Pac. 1002; *Gritts v. State,* 6 Okla. Cr. 537, 118 Pac. 673; *Flanders v. State,* 6 Okla. Cr. 318, 118 Pac. 593; *Smith v. State,* 5 Okla. Cr. 296, 114 Pac. 278; *Kerkendall v. State,* 5 Okla. Cr. 570, 115 Pac. 612; *Williams v. State,* 4 Okla. Cr. 523, 114 Pac. 1114; *Fuller v. Territory,* 2 Okla. Cr. 86, 99 Pac. 1098; *Bolman v. State,* 2 Okla. Cr. 235, 101 Pac. 135; *Hendrix v. United States,* 2 Okla. Cr. 240, 101 Pac. 125; *Phillips v. United States,* 2 Okla. Cr. 628, 103 Pac. 861; *Hines v. United States,* 2 Okla. Cr. 639, 103 Pac. 879; *Moody v. United States,* 2 Okla. Cr. 662, 103 Pac. 862, 1039; *Cox v. Territory,* 2 Okla. Cr. 668, 104 Pac. 378; *Stack v. State,* 2 Okla. Cr. 697, 103 Pac. 1068, 105 Pac. 320.

According to the testimony in this case, the appellant, the deceased, and a number of other persons assembled at the home of Jack Johnson, in Sequoyah county, Okla., and while there drank considerable whisky. One witness testified that appellant at one time drank a half pint cup half full of whisky. The appellant admitted having taken three drinks of whisky on that occasion. A difficulty arose between appellant and the deceased. The testimony as to the cause of this difficulty is by no means clear. In fact, it appears to have been simply a drunken row in which the deceased was killed by appellant. Appellant's own testimony makes out a clear case of self-defense, but the jury was not bound by his testimony. They might have believed him had it not been for the fact that, when arrested two hours after the homicide, he strongly denied having been at the home of Johnson that day, and denied all connection with the difficulty. These denials establish one of two things: either the conscious guilt on the part of appellant, or the fact that he was so drunk

he did not know what happened. Either of these conclusions was inconsistent with the testimony of appellant given upon the trial of the case. Another damaging fact against appellant is that, after the homicide was committed, and when one of the bystanders attempted to phone for a physician, the appellant with an open knife in his hands forced the bystander to leave the phone and desist from such attempt.

We think that, under the evidence, the jury were justified in finding appellant guilty, and, while they might have arrived at a different verdict, we cannot say that their verdict is contrary to the evidence. No exceptions were reserved to the instructions of the trial court, and we fail to find any material error therein.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.