## J. B. COFFEY v. STATE.

No. A-4623.   Opinion Filed Feb. 14, 1925.
(232 Pac. 968.)

(Syllabus.)

1.   **Larceny—Direct Proof by Owner of Want of Consent to Taking Rendered Unnecessary by Admissions of Accused.**   Direct proof by the owner that there was want of consent to the taking may not be necessary where the defendant admits the asportation and conversion to his own use, where there are circumstances tending to show that the taking was done without such consent.

2.   **Same—Nonconsent of Owner to Be Proved as Other Elements.**   The nonconsent of the owner is simply one of the elements of larceny to be proved by the same means and in the same manner as the other elements must be proved.

Appeal from District Court, Stephens County; Cham Jones, Judge.

J. B. Coffey was convicted of grand larceny, and he appeals. Affirmed.

H. M. Carr, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. J. B. Coffey, plaintiff in error, here referred to as the defendant, was convicted of the larceny of a rock bit, an oil well tool, of the value of $500, the property of the Comanche Drilling Company, a partnership composed of four men, who were named. Defendant's punishment was fixed at confinement in the penitentiary for a year and a day.

The defendant claims that he was operating a blacksmith shop at Empire. Near this place there were extensive oil developments where drilling for oil was being carried on. Late in April or early in May he said that a man named Vaught brought the rock bit and accessories in question to the defendant's blacksmith shop and wanted to pawn it to defendant for $50 for a period of five days or less. The defendant claims that he loaned this sum of money to Vaught and retained the bit and accessories as security for payment of the loan; that on a previous occasion he had sold Vaught an anvil. Further than this defendant knew nothing about Vaught, and admits that he never saw Vaught after the bit and accessories were left at defendant's shop.

Defendant admitted that he later moved these tools to a place about a quarter of a mile from the shop and covered them with brush. There is some evidence tending to show that they were buried in the ground there. About a week later the defendant cleaned the oil tubes and other parts of this drilling tool and he and Al Cope-

land conveyed this machinery, mostly in the nighttime, to Peters Ridge, where defendant sold it the next day to Steve Nelson for $112.50.

On the part of the state C. R. Copeland testified that he was one of the partners composing the Comanche Drilling Company; that this company owned the rock bit and that the same was in his charge when it was stolen from their lease in June, 1922; that the bit cost $750 and was then of the value of $500; that he gave no one permission to remove or sell and knew of no such permission from any other member of the firm. Without reciting further details, there were other facts and circumstances shown implicating the defendant in the theft of this bit.

The defendant earnestly contends that want of consent to the taking is an essential element of the crime charged and that the state failed to introduce sufficient proof on that point. On this point the partner presumably in charge of the property at the time of the taking of the bit testified that it was taken without his permission or consent. All the circumstances indicated that it was so taken. Want of consent may be shown by circumstantial evidence and it was not necessary to bring into court all the other partners and the watchman in charge of the lease and show directly by each that they, individually, gave no consent to the taking. It would be a violent presumption to assume that they would give their consent to a stranger not in the drilling business to take an article worth $500 and permit him to use or dispose of it as he saw fit, or to pawn and sell it, as was done in this case.

Direct proof by the owner that there was a want of consent to the taking may not be necessary where the defendant admits the asportation and conversion to his own use, where there are circumstances tending to show

that the taking was done without such consent. Hines v. U. S., 2 Okla. Cr. 639, 103 P. 879; George v. U. S., 1 Okla. Cr. 307, 97 P. 1052, 100 P. 46; State v. Prentice, 192 Iowa. 207, 183 N. W. 411, 15 A. L. R. 904.

In the Prentice Case, supra, it was said:

"It is contended my appellant that is was not shown in the evidence that the owner of the car did not consent to its being taken. It is contended by appellant that this is necessary, and we understand the state to so concede, but they claim that the fact may be proven by the circumstances. The owner was on the stand, and could have readily testified to that had he been asked. There is no pretense anywhere in the record that defendant or any one else had the consent of the owner to take it. In fact, defendant makes some claim that the car was not identified, and claims that he did not take the car at all, either with or without the consent of the owner. The place from which it was taken, and the time of night, the fact that it was taken secretly, while the owner was in the theater, the owner's conduct afterwards, in immediately commencing a search for the car; the fact that the car was never heard of, and the other circumstances in the record, are sufficient to sustain a finding that it was not with the consent of the owner. The authorities hold that this may be proven by circumstantial evidence."

"In larceny prosecutions the owner of the property ordinarily must be called as a witness to prove the nonconsent to the taking of the property. It is held, however, that where circumstantial evidence shows an absolute want of consent to the taking, it will not be cause for reversal that the want of consent was not proved by the direct and positive testimony of the owner, although he may have been a witness in the case. And there is authority to the effect that the nonconsent of the owner is simply one of the elements of larceny to be proved by the same means and in the same manner as the other elements must be proved." 8 Encyc. of Evid. 134, 135.

And in State v. Wong Quong, 27 Wash. 93, 67 P. 355, the court said:

"The question of the sufficiency of such circum-

stances to establish the fact is usually one for the jury, and not for the court. It will not do to say that it can be proven only by the owner. The public have an interest in seeing that the guilty are punished, and this rule would permit the escape of all at whose trial the state was unable to procure the attendance of such owner."

There is sufficient evidence in this case from which the jury might reasonably find that the defendant was implicated in the original felonious taking of the property in question. He admits the subsequent possession, asportation, and sale of the property.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.