## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32565-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JASON PAUL MARTINS, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Jason Paul Martins appeals his 2014 convictions for possessing methamphetamine and two third degree theft counts. He contends the evidence is insufficient to show nonconsent of the owner in one theft conviction. We affirm.

### FACTS

After midnight on July 5, 2013, an Okanogan County sheriff's deputy patrolling the Pateros area came upon a van parked on a dead end road. The van was parked next to a Pateros city truck outside the fenced and gated City of Pateros maintenance shop. On the other side of the van was the border of property owned by Fluegge Construction, where multiple trailers were parked. Both front doors of the van were open, a woman was standing outside, a man was in the driver's seat, and a woman sat next to him.

The deputy recognized Mr. Martins, the van driver, and asked him what they were doing there. Mr. Martins said they were watching Fourth of July fireworks. The deputy thought this explanation was odd because the local fireworks took place at Brewster, six or seven miles north, and had been over more than an hour. Mr. Martins then changed his story and explained that he was picking up his ex-wife to give her a ride to Wenatchee. The ex-wife was the passenger in the van, and when questioned, she said a man had given her a ride to the other side of Pateros and was now waiting for her to return. These contradictory stories raised the deputy's suspicions further. He also noticed a strong smell of gasoline near the van and saw a pool of liquid under the city truck.

The deputy called for backup and two other officers soon arrived. One officer discovered a hose siphoning gas from the city truck into a gas can, which was overflowing onto the ground. While talking with Mr. Martins, the deputy saw a baggie of methamphetamine in the van. Mr. Martins gave permission to search the van, and the officers found additional methamphetamine, hoses like the one used to siphon the city truck, a funnel, a screwdriver, and two license plates. One of the license plates had current tabs. Mr. Martins explained he was a license plate collector. The deputy found a license plate light sitting on the top of the driver's side rear tire of the van. Mr. Martins said he had no idea how the light got there.

One of the officers went to examine the trailers next door at Fluegge Construction

2

and found two of them were missing plates. A quick records check revealed the missing plates were the ones found in Mr. Martin's van. Additionally, one of the trailers was missing its license plate light, and the connecting wires were dangling from the socket. When told that the license plates in his van had been taken from the Fluegge trailers, Mr. Martins stated he had found them in a dumpster. Fluegge Construction had no dumpster, and the nearest one was next to the city maintenance shop.

Mr. Martins was charged with possession of a controlled substance: methamphetamine, one count of third degree theft of gasoline, and one count of third degree theft of the license plates. No one from Fluegge Construction testified at trial. A jury found him guilty as charged.

## ANALYSIS

Mr. Martins challenges solely the third degree theft conviction related to the license plates. He contends the State failed to present evidence that Fluegge Construction did not consent to his possession of the plates. We review the evidence—and the inferences arising from it—in the light most favorable to the State to determine whether a rational trier of fact could find that each element of the crime was proved beyond a reasonable doubt. *State v. Smith*, 155 Wn.2d 496, 501, 120 P.3d 559 (2005).

To prove third degree theft as charged under RCW 9A.56.050, the State had to present evidence that Mr. Martins committed theft of property that did not exceed a value

3

of $750. The relevant definition of "theft" under these facts is "[t]o wrongfully obtain or exert unauthorized control over the property . . . of another . . . with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a). Generally a person may not lawfully exert control over the property of another without the permission of the owner. *See State v. Joy*, 121 Wn.2d 333, 340-41, 851 P.2d 654 (1993) (citing the definition of "owner" under former RCW 9A.56.010(8) (1987)). But it is a defense to theft that the defendant openly appropriated the property under a claim of title made in good faith, even if the claim is untenable. RCW 9A.56.020(2)(a).

Direct evidence is not necessary to prove the nonconsent of the true owner. *State v. Wong Quong*, 27 Wash. 93, 94, 67 P. 355 (1901); *State v. Hair*, 31 Wn. App. 454, 458, 643 P.2d 457 (1982). Consequential evidence is sufficient if it permits the factfinder to draw a reasonable connection between the proven facts and inferences rationally related to those facts. *State v. Jackson*, 112 Wn.2d 867, 875, 774 P.2d 1211 (1989).

Mr. Martins contends the State failed to provide sufficient evidence showing he wrongfully possessed the trailer license plates because no one from Fluegge Construction—the owner of the plates—testified that he did not have Fluegge Construction's consent. But as noted in *Wong Quong*, 27 Wash. at 94-95, "It will not do to say that [nonconsent] can be proven only by the owner. The public have an interest in seeing that the guilty are punished, and this rule would permit the escape of all at whose

4

trial the state was unable to procure the attendance of such owner."

The undisputed facts show Mr. Martins was parked next to Fluegge Construction in the middle of the night, he possessed two license plates missing from Fluegge Construction trailers, and one of those plates had current license tabs. A license plate light was also found on the tire of Mr. Martins's van—indicating it had been placed there while the van was parked near Fluegge Construction—and one of the trailers that was missing a license plate was also missing a light. These facts permitted the jury to infer beyond a reasonable doubt that Mr. Martins had removed the license plates from the trailers without the owner's consent. *See Hair*, 31 Wn. App. at 458 (circumstantial evidence, viewed in the light most favorable to the State, permitted an inference beyond a reasonable doubt that clothing was taken without the owner's permission).

## CONCLUSION

In determining whether sufficient evidence supports a verdict, we do not need to be satisfied of the defendant's guilt beyond a reasonable doubt. *State v. Tinajero*, 154 Wn. App. 745, 751, 228 P.3d 1282 (2009) (quoting *State v. Randecker*, 79 Wn.2d 512, 518, 487 P.2d 1295 (1971)). It is enough to find, viewing the evidence and inferences rationally arising from the evidence, that substantial evidence supports the jury's determination of guilt. *Tinajero*, 154 Wn. App. at 751. Substantial evidence supports the inference Mr. Martins wrongfully obtained the license plates from Fleugge Construction

No. 32565-2-III
*State v. Martins*

in violation of RCW 9A.56.050.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

6