# WALTER STEEN and AL CARR v. STATE.

No. A-45.    Opinion Filed November 23, 1910.

1. **TRIAL—Severance—Application—Appeal—Record.**    Under section 6830 of Snyder's Comp. Laws. where two or more persons are jointly charged with a misdemeanor, the granting or refusal of a severance rests in the discretion of the court. The exercise of such discretion is reviewable; but to be reviewed, the case-made or bill of exceptions must show an application for a severance setting out sufficient grounds therefor, and supported by affidavits or oral testimony; and the application must be made before the empaneling of the jury is begun.

2. **TRIAL—Misnumbering Cases—Correction..**    Where two informations filed against the same defendant charging him with two separate violations of the same law, are erroneously given the same number and are unwittingly treated as one case until after defendant has announced ready for trial and the trial jury is empaneled and sworn, it is not error for the court then to permit the informations to be renumbered, to require defendant then and there to plead to each information separately, and to proceed to trial before said jury, giving the defendant the right to elect upon which case he will then be tried.

3. **CONTINUANCE—Surprise—Renumbering Cases.**    Two informations against the same defendant were erroneously given the same number and docketed as one case; the defendant waived arraignment, pleaded not guilty, and announced ready for trial. The court discovering the error, ordered the informations renumbered, the cases separately docketed, required the defendant to plead to each information, and gave the defendant the right to elect upon which information he should then be tried. The defendant refused to elect and moved for a continuance on the ground of surprise. Held, that a continuance was properly denied, and that the defendant having refused to elect. the court could order the trial to proceed on either information.

4. **WITNESSES—Endorsement on Information—Necessity.**    Under section 6644 of Snyder's Comp. Laws, it is error for the court to permit a witness to give testimony in chief in behalf of the state, over the defendant's objection, if the witness's name has not been endorsed on the information.

5. **SAME—Endorsement During Trial.**    Before the county attorney files an information he should endorse thereon the names of all state's witnesses then known to him; if thereafter he learns of other witnesses; he should obtain leave of court and endorse their names on the information as early as possible. If, after the trial has begun, the county attorney learns of other wit-

nesses whom he did not know of before, upon a proper showing of that fact made to the court, leave to endorse the names even while the trial is in progress, and to permit the witnesses to testify, may be granted by the court in the exercise of its discretion.

6.    INTOXICATING LIQUORS—Parties to Offenses—Soliciting and "Steering." One who solicits a person to purchase liquor and pilots him to another who has the liquor and sells it, assists in making the sale and is indictable and punishable as a principal in the transaction.

(Syllabus by the Court.)

*Appeal from Tulsa County Court; N. J. Gubser, Judge.*

Walter Steen and Al Carr were jointly convicted of selling intoxicating liquor, and they appeal. Reversed and remanded.

*Sleeper & Davidson*, for plaintiffs in error.
*Fred S. Caldwell*, for the State.

RICHARDSON, JUDGE. The information in this case charged plaintiffs in error jointly with a violation of the prohibition law. When the cause came on for trial and after the jury had been empaneled and sworn, plaintiff in error Walter Steen moved for a separate trial, which motion the court overruled. This ruling is assigned as error. Section 6830 of Snyder's Comp. Laws provides that, "When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court." The exercise of the discretion here given to the trial court in granting or refusing a severance in a misdemeanor case is reviewable; but to make the same the subject of review, the case-made or bill of exceptions must show an application for a severance setting out some unusual and extraordinary condition or state of facts in connection with the case which would materially prejudice the rights of the applicant in a joint trial; and this must be supported by affidavits or oral testimony, and may be controverted by the state in the same way. In the absence of such showing on the part of the applicant the trial court cannot know and is not required to anticipate that

a situation will arise in the trial justifying a severance. The fact that the trial does subsequently develop such a situation is immaterial; and unless such application is filed and thus supported, there is nothing before the court calling for the exercise of the discretion given it. The case-made before us discloses no such application or showing. The application in this case appears to have been oral; no ground for it whatever was stated, and no showing of any kind or character was made, and we might add gratuitously that the record of the trial shows nothing which justified a severance. The court therefore did right in overruling the application. Also the record before us shows that the application was made only after the jury was empaneled and sworn to try the cause. It therefore came too late. The application should not be entertained after the empaneling of the jury has begun.

The county attorney of Tulsa County filed two informations against plaintiffs in error, in one of which he charged them jointly with selling intoxicating liquor to L. M. Boyer and William Chisholm on July 11, 1908, and in the other he charged them jointly with selling intoxicating liquor to Aaron Tyner on the same day Both informations were filed on July 17, 1908; each was numbered and endorsed "Criminal Case 377," and they were entered in both the appearance docket and the trial docket as one case numbered 377. Only one warrant of arrest was issued for plaintiffs in error, and it was numbered "Criminal Case 377." The court entered an order fixing plaintiffs in error's appearance bond; one of the accused executed a bond and caused it to be filed and the bond was numbered "Criminal Case 377." On July 23, 1908, case numbered 377 was called for trial, and on motion of the state was continued until July 29, 1908, on which latter date the case was again called for trial and plaintiffs in error waived arraignment and pleaded not guilty. Thereupon both the state and the accused announced ready for trial, and a jury was empaneled and sworn to try the cause. The county attorney then asked leave to renumber the two informations and to separate the two cases. Leave was granted, plaintiffs in error excepting, and the informations were renum-

bered 377-A and 377-B respectively. Plaintiffs in error, over their objection, were then arraigned upon and required to plead to each information separately. They excepted, and pleaded not guilty. The court then gave plaintiffs in error the right to elect upon which of the two informations they should go to trial; but they refused to elect, whereupon the court ordered the case to proceed on the information numbered 377-A. Plaintiffs in error then moved for a continuance on the ground that until the county attorney requested leave to separately number the informations they had no knowledge that there was more than one charge, or that they would be tried on any such information as 377-A, and because the action of the county attorney and the court had taken them by surprise so that they had had no opportunity to prepare their defense. The court overruled the motion, and the cause proceeded to trial before the jury empaneled and sworn for the trial of case number 377, the jury not being resworn. Upon this proceeding plaintiffs in error assign and urge that error was committed in the following particulars: 1st. In separately numbering the two informations. 2nd. In separating the prosecution into two separate and distinct cases after plaintiffs in error had waived arraignment on and had pleaded to a single prosecution, and after the jury had been empaneled and sworn to try plaintiffs in error on a single charge. 3rd. In overruling plaintiffs in error's motion for a continuance and requiring them to proceed to trial forthwith on information numbered 377-A.

The two informations filed constituted two separate and distinct charges, to each of which plaintiffs in error were answerable, even though such informations were given the same number, or though neither of them had ever been numbered at all. The number is no part of the information, and is not essential to its validity. It is only for convenience, for ease and dispatch in finding and identifying the information, the docketed case, and the various orders made in reference thereto. To omit the numbers or confuse them may cause the court and its officers and even the defendants some inconvenience, but it is not fatal to the proceed-

ings. There was therefore no error in separately numbering the informations; that might have been done even after judgment, for it had nothing whatever to do with the case or the trial. Nor did the court by separately numbering the informations thereby divide one case into two separate and distinct cases. There were two separate and distinct informations, and therefore two separate and distinct cases, from the beginning. And the further fact that plaintiffs in error had previously waived arraignment and pleaded not guilty to the so-called single case numbered 377 was immaterial.

But it is urged that the jury had already been empaneled and sworn to try the dual case numbered 377, and that 377-A was tried before the jury without their being reimpaneled or resworn. Both informations, however, charged the same joint defendants with selling intoxicating liquor; the oath would have been the same in each case; there was nothing about the oath administered to identify it with either case as distinguished from the other. The jury were sworn to try the case about to be submitted to them, wherein the State of Oklahoma was plaintiff and plaintiffs in error were defendants; the oath was for the case tried, and was binding and sufficient.

The contention that the court erred in overruling plaintiffs in error's motion for a continuance is without merit The record does not show whether this motion was oral or in writing, and it discloses no showing of surprise made to the court by affidavit or otherwise. Plaintiffs in error say that they did not know that there was more than one case against them until the county attorney requested leave to separately number the informations. If that be true, still they did know that there was at least one case against them, for one of the accused was on bond and the other in jail awaiting the trial of the case. They had attorneys of their own choosing, and had evidently made some preparation for trial. They waived arraignment, thereby saying that they did not care to hear the information read, that they were familiar with at least one of the informations and ready to plead thereto; and the rec-

ord shows, and plaintiffs in error expressly state in their brief, that they announced ready for trial in case number 377. The court gave them the right to elect upon which information they should be tried. Had they been acting in good faith, they would have elected to go to trial in the case for which they had made-preparation, the one they had in mind when they announced ready. But they refused to elect; and thereafter they could not complain, no matter upon which information the court put them to trial.

The state introduced one Dan Ezell as a witness in chief against plaintiffs in error, and the latter objected to his testifying on the ground that his name had not been endorsed on the information as a witness. The court overruled the objection, and the witness gave damaging testimony against plaintiffs in error. The endorsement of the witness' name does not appear on the information. Section 6644 of Snyder's Comp. Laws, relating to the endorsement of the names of the state's witnesses on the information, is as follows:

"The county attorney shall subscribe his name to informations filed in the county or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time before the trial as the court may by rule prescribe."

Under this statute it is the duty of the county attorney, before he files the information, to endorse thereon the names of all persons whom he knows or has reason to believe will be called by the state as witnesses to testify in the case in chief; and if subsequently the names of other witnesses to be used to prove the case in chief become known to him, leave of court should be obtained to place their names on the information, and this should be done and the endorsement made as early as possible before the trial begins. Where, however, after the trial is begun, the county attorney learns of other witnesses in chief whom he did not know of before, upon a proper showing of that fact made to the court, leave to endorse their names even while the trial is in progress, and to permit them to testify, may be granted by the court in the

exercise of its discretion. This is held by the courts in a majority of the states having a similar statute, and is conceded to be correct by plaintiffs in error in this case. *State v. Cook,* 30 Kan. 82, 1 Pac. 32; *State v. Berkeley,* 109 Mo. 665, 19 S. W. 192; *State v. Doyle,* 107 Mo. 36, 17 S. W. 751; *State v. Schnepel,* 23 Mont. 523, 59 Pac. 927; *Rauschkolb v. State,* 45 Neb. 658, 65 N. W. 776; *State v. Reed,* 53 Kan. 767, 37 Pac. 174, 42 Am. St. Rep. 322; *State v. Price,* 55 Kan. 606, 40 Pac. 1000; *State v. Reno,* 41 Kan. 674, 21 Pac. 803; *State v. Dowd,* 39 Kan. 412, 18 Pac. 483; *State v. Taylor,* 36 Kan. 329, 13 Pac. 550; *Hyde v. Territory,* 8 Okla. 69, 56 Pac. 851; *Cochran et al. v. United States,* 14 Okla 108, 76 Pac. 672.

But in the present case the name of the witness Ezell was never endorsed on the information, and the case-made does not disclose when the witness was discovered, or that any showing was made by the county attorney to the court that he had just learned of the witness. On the contrary the circumstances indicate that the prosecution had the evidence of this witness in mind all along in the preparation of its case. The court therefore erred in overruling the objection.

It is contended that the court should have advised the jury to acquit Steen, because the evidence failed to connect him with the offense. But, waiving the testimony tending to show that Steen was exercising control over the liquor, it was nevertheless shown that Steen solicited two of the prosecuting witnesses to purchase the liquor in question, and piloted them to the place where Carr is said to have sold it to them. He was therefore assisting Carr in making the sale, and under our statute was indictable and punishable as a principal.

There are other assignments of error, but we find no merit in them, and we think that a discussion of them would be of no value. For the error indicated the judgment is reversed and the cause remanded with directions to grant the plaintiffs in error a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.