## WILL FORD and FLOYD BURKE v. STATE.

No. A-558.    Opinion Filed March 21, 1911.

(114 Pac. 273.)

1.    EVIDENCE—Confession of One Defendant—Joint Trial.  (a) A confession or admission of one defendant upon a joint criminal charge with another, voluntarily made, when properly proven, is admissible in evidence as against him upon trial. The prejudice resulting to the joint defendant from such admission or confession is an unavoidable evil necessarily incident to their joint trial.

(b) When two persons are jointly on trial and admissions of one of them are offered in evidence, it is the duty of the court to limit, by proper admonition and instructions, the effect of the admissions, to the person making them.

2.    APPEAL—Trial—Indorsement of Additional Witnesses—Necessity For Objection.  (a) When a case is called for trial and a jury

selected, the trial court should be slow to permit the indorsement of witnesses to be called in chief by the state. and should only do so when it is necessary for the furtherance of substantial justice. Any abuse of discretion in permitting the indorsement of 'witnesses would entitle the defendant against whom they are to be used to a new trial.

(b) Where a defendant makes no objection, and takes no exception to the action of the court in permitting witnesses to be indorsed and fails to show wherein he was prejudiced by such action the ruling of the trial court will not be disturbed on appeal.

(c) A defendant on trial should protect his rights by proper objections and exceptions in the trial court. Unless this is done, he will not be heard to complain here except on fundamental errors.

3. **APPEAL—Review—Instructions.** Where the record shows no objection or exception to the instructions of the trial court, such instructions will not be examined by this court for the purpose of discovering' other than fundamental errors on appeal.

(Syllabus by the Court.)

*Appeal from District Court, Comanche County; J. T. Johnson, Judge.*

Will Ford and Floyd Burke were convicted of robbery, and they appeal. Affirmed.

*H. W. Hanna,* for appellants.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. Appellants were tried at the March, 1909, term of the district court of Comanche county, on a charge of robbery and found guilty, and sentenced to life imprisonment.

The proof shows: That one W. P. Coruth, was robbed on the night of the 7th of January, 1909, in the city of Lawton. That Coruth was a white man about 56 years old, who had been picking cotton in the country near Lawton, and had come in to spend a day or two in the city, and had gone down to a negro resort to see a certain negro woman. That immediately after leaving the resort he was attacked by two negro men, thrown to the ground, and robbed of $10 in currency and some silver amounting

5 Cr—16

to $2 or $3. One witness, J. L. Duncan, who was quarter-
master at Ft. Sill, was going uptown on the night of the robbery,
and walked up within a few feet of where the robbery is said
to have been committed, and saw the witness Coruth, who it is
alleged was robbed, on the ground and two negroes hold of him.
The negroes fled from the scene and were afterwards arrested.
This witness, Duncan, identified Will Ford, one of the appellants,
as being one of the persons participating in the robbery. The
other appellant made a written confession which was introduced
at the trial. The confession is as follows:

"Lawton, Okla., Jan. 9th, 1909, Statement of Floyd Burke.
My name is Floyd Burke; age 18 years. I make the following
statement freely and voluntarily in the presence of my mot..e.
and father and Rufe Le Fors, sheriff, and J. A. Fain, county at-
torney, and no promise has been made to me by any one as an
inducement to make this statement, and I make it volunta.ily
without fear of punishment or hope of reward, knowing and
having been warned by Rufe Le Fors, sheriff, that whatever state-
ment I may make may be used against me on the trial:   On
Thursday night Jan. 7th, 1909, between 9 and 10 o'clock I was
at Nellie's home on E street when John Jackson came into the
house with an old man whose name I have since . learned is
Coruth. When they came in I went outside of the house and
met Hattie Bailey just outside the door. We were standing there
talking when old man Coruth came out of the house, and, just
after he came out, Will Ford came to where Hattie and I were
talking, and said to me, 'Come on, I want to tell you something,'
and I said, 'What is it?' And he again said, 'Come on, I want to
tell you something; there is money in it.' And we started east on
E street, following about ten steps behind old man Coruth. Will
told me the old man had money, and when we got about where
Ione lives, Ford grabbed the old man from behind, and I helped
to hold the old man while Ford searched the old man's pockets
for money. We all fell to the sidewalk in the struggle, and, after
Will got the old man's money, we left him, and I went into Mary
South's house and exchanged my cap that I was wearing for a
white hat. I stayed in Mary South's house long enough to get
me some meat and bread and exchange my cap for a hat, and then
started to the confectionery store (Ed's place), and before I got

there I was arrested. I did not see Will Ford after we separated. I did not get any of the money. * * * After we turned the old man loose, Will and I came on to Mary South's house together, and I went into the house and he went on. At the time Will and I grabbed the old man Will Ford was wearing a little white hat, and I was wearing a cap and a jumper (a solid blue jumper with a lone star on the buttons). I left this jumper at Mary South's when I left my cap there. When I went in Mary South's house as stated, she and her husband, Will South, and one or two other boys were in there, one of them being 'Whitechild.' I have read the foregoing statement, and the same is true and correct. Floyd Burke. Witness to Signature: J. A. Fain, Rufe Le Fors."

Rufe Le Fors, who was the sheriff of Comanche county, testified that the defendant Burke admitted to him that he and the defendant Ford committed the robbery charged, and that he was present when the foregoing statement was made. This statement was shown to have been voluntarily made, without inducement of any kind, and was admitted in evidence only against the defendant Burke, and the jury was so instructed.

The appellants have a number of assignments of error. They complain of the court in admitting this confession, on the ground that it was injurious to the defendant Ford. The court instructed the jury that the confession of Burke was to be considered as against Burke only, and not to be considered by them as in any way affecting the rights of the appellant Ford. The written confession of Burke was properly admitted, and was entitled to go to the jury as against him. The Supreme Court of Michigan, in passing on this identical question, in an opinion by Mr. Justice Cooley, reported in *People v. Arnold,* 46 Mich. 268, 9 N. W. 406, said:

"These were admissions of a joint offense, made after its commission, and from their nature, it is said, could not be received against Snediker alone. But the fact that the offense is joint cannot exclude admissions. They are admissible against the party making them, and the court must protect the other by cautioning the jury not to permit the confession of his alleged associate to

prejudice him. If the participation of the other is not made out by independent evidence, there can be no conviction."

See, also, the case of *State v. McLane et al.*, 15 Nev. 345; *State v. Brile*, 73 N. C. 26; *Ackerson v. People*, 124 Ill. 563, 16 N. E. 847.

These appellants were represented by the same counsel on the trial. Counsel and appellants knew this confession had been made. Under the law, Ford was entitled to a separate trial, had he asked it, but he did not demand a severance. When the testimony offered is admissible as to one of the defendants on trial and not the other, it is entirely proper for it to be admitted with instructions from the court limiting its effect to the person against whom it is admissible.

The appellants complain of the court in permitting the names of certain witnesses to be indorsed upon the information at the time the case was called for trial. The record fails to show that any objection or exception was taken to the action of the court at the time, and the appellants fail to show wherein they were prejudiced by reason of this action of the court. The question of indorsing the names of witnesses is addressed to the sound discretion of the trial court, and, unless it clearly appears that the discretion was abused in permitting such indorsement, the action of the court has been uniformly sustained by this court. A defendant on trial who fails to make objection and save exceptions in the court below is in poor attitude to complain here. We think the indorsement was properly permitted under this record.

Appellants contend that the verdict and judgment is not sustained by the evidence. There is nothing in this contention. There is ample evidence to sustain the judgment.

The appellants next complain of the instructions of the court. The record fails to disclose that any objections or exceptions were saved, and fails to disclose any request for instructions by the appellants. After a careful examination of the instructions, we find no fundamental errors therein. Where objections are not made

and exceptions are not saved, this court looks no further than to see if fundamental error has occurred.

We fail to find any such error in this entire record, and the judgment of the court below is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.