## JACK GHORMLEY v. STATE.

No. A-2205.    Opinion Filed June 5, 1915.

**TRIAL** — Witnesses — Indorsement During Trial — Discretion.    Under Proc. Crim. (sec. 5694 Rev. Laws 1910), requiring the county attorney to indorse on the information, at the time of its filing, the names of witnesses then known to him and permitting the names of such other witnesses as may afterwards become known to him to be indorsed thereon as·the court may by rule prescribe, it is within the discretion of the trial court to permit names to be indorsed on an information after the trial has commenced, and where the name of a witness known to the county attorney at the filing of the information was inadvertently omitted, and there was no evidence of bad faith, the court properly permitted it to be indorsed during the trial.

(Syllabus by the Court.)

*Appeal from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Jack Ghormley, convicted of assault with intent to kill, appeals.    Affirmed.

*J. I. Coursey* and *Burkhead & Foreman,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    The plaintiff in error was convicted and his punishment fixed at two years in the penitentiary, upon an information charging him with assault with intent to kill one Jim Carter, by shooting at him with a pistol.    From the judgment entered in pursuance of the verdict, he appealed by filing in this court on March 6, 1914, a petition in error with case-made.

The evidence shows that in the afternoon of the day alleged, Jim Carter and his father, Duval Carter, rode down the main street of Tahlequah, and when about opposite the Redburn Hotel they stopped to talk with some person, and the defendant, standing behind a brick pillar in front of the hotel, shot at them with a pistol, the· first shot striking the horse Duval

Carter was riding. Then Jim Carter whirled his horse and started down the street, and the defendant fired two more shots at him. That the Carters were unarmed. These facts were testified to by Duval Carter, L. G. Faulkner, George Coke, and John Boyd.

Jim Carter was then called as a witness and the following proceedings were had:

"A. What is your name? A. Jim Carter. Mr. Coursey: At this time we object to this witness testifying because his name has never been endorsed on the information. Mr. Hughes: There are two complaints filed in this case and the facts are identical, and the court remembers that the other case went out this morning on a motion. The Court: Is the name of this witness endorsed on the information in the other case? Mr. Hughes: Yes, sir. Mr. Coursey: But this is a separate case and his name is not endorsed on the information in this case. Mr. Hughes: I desired to ask permission at this time to endorse the name of this witness on the information. The Court: The objection of the defendant is overruled, and the motion of the county attorney is granted. The defendant excepts."

The defendant, Jack Ghormley, as a witness in his own behalf, testified that he saw Jim Carter that day at the postoffice, and he saw a gun in his overcoat pocket; that Carter's father was with him; that he heard one of them say, "I will get him before night." That Burney Gritts was with him at the time and he asked Burney if he heard what those fellows said, and Burney said that he did; that Dick Boyer told him a few weeks before that Jim Carter had said if witness fooled with him he would put witness where he had his brother Blue; that he was standing under the porch of the hotel talking with Burney Pugh, and Pugh said, "I have got to go right quick," and went off, and witness looked around the post and saw Jim Carter put the bridle reins in his right hand and put his left hand down in his pocket and witness began to shoot and shot three times; that he shot at Jim Carter, because Carter had slipped up on witness' brother and shot and killed him and he thought Carter was going to shoot him.

Plaintiff in error complains that the trial court committed error during the trial of said cause in permitting the prosecut-

ing attorney to indorse the name of Jim Carter on the information. This is the only error assigned.

The statute provides that the county attorney shall indorse on the information names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him at such time as the court may by rule prescribe. Procedure Crim. (sec. 5694, Rev. Laws 1910.)

It further provides:

"The court or judge may, at any time, direct the names of additional witnesses for the prosecution to be indorsed on the indictment, and shall order that such names be furnished to the defendant or his counsel." (Procedure Crim. [sec. 5733, Rev. Laws].)

In *Ford v. State,* 5 Okla. Cr. 240, 114 Pac. 273, it is said:

"The question of indorsing the names of witnesses is addressed to the sound discretion of the trial court, and, unless it clearly appears that the discretion was abused in permitting such indorsement, the action of the court has been uniformly sustained by this court."

See, also, *Bigfeather v. State,* 7 Okla. Cr. 364, 123 Pac. 1026; *Hughes v. State,* 7 Okla. Cr. 117, 122 Pac. 554.

It appears from the record that the witness Jim Carter testified on the preliminary examination and the record shows that there were two informations filed against the defendant wherein the facts were identical; that Carter's name was indorsed on one information, but apparently inadvertently omitted from the information when the same was filed in this case. Jim Carter was the man that the defendant admits that he fired the shots at, and his testimony was merely corroborative of that of the four witnesses who preceded him.

The object of the statute requiring the names of witnesses to be indorsed on the information at the time of filing the same is for the benefit of the defendant, who is entitled to know the names of the witnesses who may be called to testify on his trial on behalf of the state.

Here it appears that the defendant knew this witness would be called, and there was no evidence of bad faith on the part of the county attorney. We fail to see that the defendant suffered any prejudice as to any substantial right, or any right whatever, by reason of the ruling complained of. So far as appears by the record, the defendant has had a fair and impartial trial, and the evidence in the case clearly established the crime charged. The judgment herein will, therefore, be affirmed.

FURMAN and ARMSTRONG, JJ., concur.