## R. M. WALLER v. STATE.

No. A-2634.   Opinion Filed May 26, 1917.

(164 Pac. 1151.)

**TRIAL—Indorsing Names of Witnesses.** Where a county attorney, after trial began, showed that he had learned of another witness whom he did not know of before, leave to indorse the name of such witness on the information and to permit him to testify might be granted by the court in its discretion.

*Appeal from County Court, Oklahoma County;*
*Wm. H. Zwick, Judge.*

R. W. Waller was convicted of selling a half pint of whisky to one Glen Cowden, and sentenced to pay a fine of $100 and imprisonment in the county jail for 60 days, and appeals. Affirmed.

*Ledrue Guthrie,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. Two alleged errors are relied upon for reversal of this judgment: First, that the court erred in permitting the county attorney to indorse the name of the witness Bocock on the indictment after the case was called for trial; and, second, that the evidence is insufficient to sustain a conviction.

We have carefully examined this record, and find that the evidence, although conflicting, is sufficient to sustain the conviction if the jury believed the evidence of the prosecuting witness and that of the sheriff, irrespective of the evidence of the witness Bocock, whose name was indorsed on the information after the case had been called for trial. The prosecuting witness and sheriff, M. C. Binion, were both unimpeached and appeared to be credible witnesses. The prosecuting witness was a chiropractic doctor living in Oklahoma City, who apparently had no malice or ill will against the defendant, but was, as he admitted, interested in the enforcement of the prohibitory liquor laws of this state. We also find from an examination of the record that, before the court permitted the county attorney to indorse the name of the witness Bocock upon the information and to use him upon the trial of the case, the county attorney disclosed facts sufficient to put himself within the holding of this court in the case of *Steen v. State,* 4 Okla. Cr. 309, 111 Pac. 1097, and other cases to the same effect.

The judgment is affirmed.