## ELMER SHIEVE v. STATE.

No. A-5008.    Opinion Filed April 15, 1925.
(235 Pac. 254.)

(Syllabus.)

1. **Appeal and Error—Burden to Show Prejudicial Error.** Error is not presumed, and in order to avail the defendant it must affirmatively appear that there was an irregularity which deprived the appellant of some substantial right, to his injury.

2. **Trial—Permitting Name of Witness Inadvertently Omitted to be Indorsed on Information not Abuse of Discretion.** Where it appears that the name of a witness was omitted from an information through inadvertence and without any bad faith, and the court permits such name to be indorsed on the information after the jury is impaneled and sworn, such ruling of the court is not an abuse of discretion.

Appeal from County Court, Ottawa County; Wm. M. Thomas, Judge.

Elmer Shieve was convicted of having possession of intoxicating liquor, and appeals. Affirmed.

F. W. Church, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error will be referred to as defendant, according to his position in the lower court.

The defendant was charged by information in the county court of Ottawa county with having possession of intoxicating liquors with the intent to sell the same, was tried before a jury, and upon conviction sentenced to pay a fine of, $300 and to be confined in the county jail for a period of 90 days, from which judgment and sentence he prosecutes this appeal.

Several assignments of error are made in the motion for a new trial, but the only assignments argued in the brief of the defendant is that the court erred in admitting certain evidence against the defendant, and that the evidence is insufficient to sustain the judgment and sentence, and that the court erred in permitting the indorsement of the name of a witness on the information after the trial had commenced.

The record discloses that certain officers on the night of August 25, 1923, procured a search warrant and went to the house of one Beulah Juniper, where the defendant was at the time. They knocked on the door and informed the defendant, who came to the door, that they had a search warrant to search the house. He asked them to wait a minute, and returned into the house, and upon the officers shortly following him into the house, they heard a crash and found a jug, just broken, with whisky running over the floor, a part of which they saved. There was other evidence that the house was a place of resort.

Upon the trial of the case, the principal contention was upon the validity of the search warrant, which contains the following recital:

"Proof by affidavit having been this day made before me by C. N. Flye, stating that there is probable cause for believing that liquors are being sold, bartered, given away and otherwise furnished, and are being kept for the purpose of selling, bartering, giving away and otherwise furnishing the same in violation of an act of the Legislature of the State of Oklahoma, known as Senate Bill No. 61 (Billup's Bill), by Beulah Juniper and others with him at the city of Commerce, in Ottawa county, Okla., in the following described premises, to wit, one 4-room house on North Short St. 116."

The defendant questioned the sufficiency of the affidavit upon which the search warrant was based. The affidavit appeared to have been lost, and when the state tendered evidence as to its contents the defendant objected, and here contends that the recital in the search warrant shows that the affidavit was made on the information, and that under the authority of the Gore Case, 23 Okla. Cr. 481, 218 P. 545, evidence obtained on authority of such search warrant is inadmissible. Some contention is also suggested as to the regularity with which the search warrant was issued.

It is apparent to us that the search warrant in question does not attempt to quote or to show the contents of the affidavit and does not show that the affidavit on which the search warrant was issued did not contain allegations of fact showing probable cause. In the absence of proof to the contrary, the presumption is that the affidavit contained sufficient allegation of fact to justify the issuance of the search warrant. The burden is on the defendant to show affirmatively that it did not set out the requisite facts, and this, we think, he has failed to do.

As to the method of procuring the search warrant in question, there is some conflict between the witnesses as

to the procedure at the time it was obtained. But as the search warrant was procured on the 25th of August, and the case was not tried until November 10th, following, it is but natural that the witnesses would not coincide in every particular. The record discloses conclusively that before the search warrant was issued an affidavit was signed by one of the parties procuring the same with the intention of verifying it, and whether or not he held up his hand and went through the formality of an oath, jurat was then affixed to it by the justice of the peace and the search warrant either filled out before the justice signed the same or signed by him and immediately filled out; whichever may have been the actual fact we think does not affect the validity of the search warrant.

During the course of the trial, in order to establish the loss of the affidavit for the search warrant, it became necessary to indorse on the information the name of the justice of the peace as a witness, which was done after the trial had commenced, over the objection of the defendant. It is apparent that the question of proving the sufficiency of the affidavit was not anticipated by the state, and the indorsing of the name of the justice of the peace as a witness otherwise was not necessary. Where there is no evidence of bad faith or ulterior purposes in failing to indorse the name of a witness inadvertently omitted, the court may permit it to be done at any time.

Section 2511, Comp. St. 1921, provides:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him at such time as the court may by rule prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

Section 2550, Comp. St. 1921, is as follows:

"The court or judge may, at any time, direct the names of additional witnesses for the prosecution to be indorsed on the indictment, and shall order that such names be furnished to the defendant or his counsel."

In the case of Ford v. State, 5 Okla. Cr. 240, 114 P. 273, it is held that the indorsing of the names of witnesses is in the discretion of the trial court, and unless there is an abuse of discretion such action will be sustained.

See, also, Colbert v. State, 4 Okla. Cr. 500, 113 P. 558.

In the case of Ghormley v. State, 11 Okla. Cr. 532, 148 P. 1057, it is said:

"Under Proc. Crim. (section 5694, Rev. Laws 1910 ([section 2511, Comp. St. 1921]), requiring the county attorney to indorse on the information, at the time of its filing, the names of witnesses then known to him and permitting the names of such other witnesses as may afterwards become known to him to be indorsed thereon as the court may by rule prescribe, it is within the discretion of the trial court to permit names to be indorsed on an information after the trial has commenced, and where the name of a witness known to the county attorney at the filing of the information was inadvertently omitted, and there was no evidence of bad faith, the court properly permitted it to be indorsed during the trial."

From an examination of the entire record in this case, we are of the opinion that it is not made to affirmatively appear that there is any substantial error, and the judgment and sentence is affirmed.

BESSEY, P. J., and DOYLE, J., concur.