## RICH HOSKINS v. STATE.

No. A-5145.   Opinion Filed Oct. 30, 1925.
(240 Pac. 659.)

Morris & Tant, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Oklahoma county upon a charge of having possession of whisky with intent to sell, the plaintiff in error, hereinafter called defendant, has appealed.

It appears that the defendant, Rich Hoskins, and Jesse Stension were jointly charged with the crime of having possession of whisky with the intent to sell. After the jury was impaneled, and, before presenting the evidence for the state, the county attorney requested permission to indorse the name of Stension as a witness, an objection by the defendant was sustained. Before resting the case in chief the state called Jesse Stension as a witness and thereupon defendant objected to his testimony, for the reason that his name was not indorsed on the information. In the absence of the jury, the codefendant, Stension, said that he desired to enter a plea of guilty to the charge and state the facts. The counsel for defendant informed the court that they were surprised at the proceedings and would ask for a continuance. The county attorney then, without further offer of the testimony, informed the court that the state would rest. The jury was recalled, and counsel for the codefendant, Stension, called him to the stand, and the objection was renewed by the defendant. After some colloquy, the state indorsed the name of Stension and used him as a witness over the objection of the defendant, who requested time to make a showing of surprise and for a postponement or continuance in order to meet the evidence of Stension, which was denied by the court. It is discretionary with the trial court to permit the names of additional witnesses to be indorsed after the jury is impaneled. or during the trial. Stockton v. State, 5 Okla. Cr. 310, 114

P. 626; Colbert v. State, 4 Okla. Cr. 500, 113 P. 558; Ghormley v. State, 11 Okla. Cr. 532, 148 P. 1057; Bradshaw v. State, 16 Okla. Cr. 624, 185 P. 1102; Shieve v. State, 30 Okla. Cr. 91, 235 P. 254.

Where, however, the names of material witnesses are indorsed during the trial, the defendant, upon seasonable application, should be given time to make a showing for a postponement in order that he may meet the evidence of the witnesses so indorsed. Upon the record before us, we believe it was an abuse of discretion to permit the indorsement of the name of a codefendant without giving defendant time to make an application for a postponement or a continuance.

It is further urged that the failure of the court to instruct the jury that Jesse Stension is an accomplice was prejudicial; such instruction having been requested and denied. It is well settled that, when the question of an accomplice's testimony arises on the trial of a case, the general accepted rule is for the court to instruct the jury on the law of accomplice testimony and leave the question as to whether or not the witness is an accomplice for the determination of the jury as a question of fact. But where the facts are not in dispute, or where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and fact make the witness an accomplice. We think the court sufficiently covered this objection by other parts of his instructions.

The refusal of the trial court to allow the defendant time to make a showing upon the indorsement of the name of his codefendant, Jesse Stension, as a witness, was prejudicial error.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.