# TOM BOSTON v. STATE.

No. A-5973.   Opinion Filed Feb. 11, 1928.
(264 Pac. 212.)

Seymour Foose and R. C. Brown, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Blaine county on a charge of selling whisky, and sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The information is predicated on the testimony of Hans Wildt and O. F. Crum. Numerous errors are argued in the brief going in the main to the admission of testimony on the part of the state and the exclusion of evidence offered by defendant.   Special counsel assisting in the prosecution objected to much of the evidence offered by the defense, and his objections in several instances were sustained to competent evidence offered.

After the jury had been impaneled and sworn the county attorney asked leave to indorse the names of two additional witnesses on the information. The objection was made that the application to indorse came too late and the names of the additional witnesses were a surprise to the defendant; that he had not sufficient time to prepare to meet their testimony. This was overruled and the names indorsed. The opening statement was then made and the state called O. F. Crum as a witness. Objection was made for the reason that the name of this witness was not indorsed on the information. The county attorney then asked to be permitted to indorse the name of this witness on the information, and no ruling upon this application was made. The counsel for defense renewed his objection, stating that the appearance of this witness was a surprise, that he had had no opportunity to prepare to meet his testimony and asked for a continuance. His objection to the application was overruled and without the name of the witness having been indorsed or any order made allowing it to be indorsed the witness was permitted to testify. His evidence was very material; this witness and one other were the only witnesses testifying to the fact of sale. Their testimony was sharply contradicted by witnesses for the defendant. It is error to permit a witness to testify in chief in a misdemeanor case, unless his name has been indorsed on the information. Section 2511, Comp. St. 1921. The law does not contemplate that the names of witnesses known to the state shall be withheld, but that they shall be indorsed on the information. Where they are omitted by oversight or inadvertence, or it is not learned until after the information is filed that certain persons may be witnesses, and there is no bad faith, their names may be indorsed as the rule of the court may prescribe, or by leave of court even during the course of the trial. Hawkins v. State, 6 Okla. Cr. 308, 118 P. 607; Ghormley v. State, 11 Okla. Cr. 532, 148 P. 1057; Bradshaw v. State, 16 Okla. Cr. 624, 185 P. 1102.

In view of the record in this case, we think it was prejudicial error to permit the witness Crum to testify without his name having been indorsed.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.