## FLOYD MILLER v. STATE.

No. A-6688.   Opinion Filed July 3, 1929.
(279 Pac. 521.)

Sam S. Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was jointly charged with J. H. Shelton of manufacturing  intoxicating liquor, was tried separately and convicted, and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 60 days.   Motion for new trial was filed, considered,  and  overruled, and the case appealed to this court.

The record discloses that the codefendant in this case, J. H. Shelton, on November 13, 1926, entered his plea of

guilty, and was sentenced to 30 days in jail and to pay a fine of $50 and costs.

The record discloses that on the 16th day of February, 1927, the state called the case against this defendant; all parties announced ready for trial; a jury was called, and the parties examined the jurors for cause, and either exhausted or waived their peremptory challenges; six good and lawful jurors were selected. The county attorney then announced to the court that, before the jury was sworn to try the cause, he wanted to ask leave of the court to indorse the name of J. H. Shelton on the information as a witness for the state. The defendant objected to the indorsing of J. H. Shelton's name on the information as a witness on the ground "that he had no knowledge that the state had any intention of using J. H. Shelton as a witness on behalf of the state, and therefore objected to the indorsement of J. H. Shelton's name on the information as a witness."

The court overruled the objection of the defendant to the state indorsing the name of J. H. Shelton on the information and ordered Shelton's name indorsed on the information. The defendant excepted. The defendant then asked the court for time in which to prepare his testimony to meet the evidence of Shelton, in view of the action taken by the state in asking that the name of Shelton be indorsed on the information as a witness to be used against him, which request was overruled, and defendant duly excepted. The defendant then asked the court for time in which to make a showing for continuance or postponement, and stated in the record his grounds for asking time. This was objected to by the state, and the court overruled the request of the defendant for time to prepare a motion for continuance or postponement, and the defendant duly excepted.

The state called A. A. Crossley and W. B. Brown, who testified to going to the house where Shelton was and finding a still and some whisky. The state then called J. H. Shelton, who is shown by the record to have previously pleaded guilty and was serving a sentence, and who testified that he and the defendant had been making whisky, and had run out something more than a gallon when the arrest was made; that the defendant had rented or borrowed the still from G. B. Rogers; and that the defendant had a one-half interest in the mash. The state then closed its testimony. The defendant then moved the court for time to procure the attendance of G. B. Rogers, and stated in his motion that he could show that G. B. Rogers did not own a still, and had not loaned or rented the same to Miller or Shelton, and that he never told Shelton that the still belonged to him, but that the still belonged to Shelton and not to Rogers. G. B. Rogers' street address was given as the 600 block on East Forty-Second street, Oklahoma City, Oklahoma. The request was denied, and defendant duly excepted.

The defendant in his fifth assignment of error alleges that the trial court erred in permitting the state to indorse the name of Shelton on the information, after the jury had been examined and was ready to be sworn to try the case; and, further, that the court erred in refusing to grant the defendant a continuance or postponement for a sufficient time for him to meet the testimony of the said J. H. Shelton. The record discloses that J. H. Shelton had entered his plea of guilty to this charge several weeks before the case was called for trial, and had received his sentence and the case, so far as Shelton was concerned, was closed; that the case against this defendant was called for trial, a jury had been examined and passed for cause and accepted as jurors, and no action

had been taken by the county attorney to secure the permission of the court to indorse the name of J. H. Shelton on the information, and no notice given to the defendant that the state desired to use J. H. Shelton as a witness until after the jury had been selected.

The question to be determined in this case is, Was it an abuse of discretion for the trial court, after he entered an order permitting the county attorney to indorse the name of J. H. Shelton on the information, to refuse to grant the defendant sufficient time to prepare a motion for continuance or postponement in order that he might have sufficient time to prepare his defense to meet the testimony of the witness J. H. Shelton.

Section 2696, Comp. St. 1921, is as follows:

"When two or more persons are included in the same indictment or information, the court may, at any time before the defendants have gone into their defense, on the application of the county attorney, direct any defendant to be discharged from the indictment or information, that he may be compelled to be a witness for the state."

In the following cases, Cudjoe v. State, 12 Okla. Cr. 246, 154 Pac. 500, L. R. A. 1916F, 1251; Cloud v. State, 41 Okla. Cr. 395, 273 Pac. 1012, and Varner v. State, 42 Okla. Cr. 42, 274 Pac. 43, the court held that a codefendant might be called to testify against his codefendant in the trial of a case under section 2696, supra. In neither of the cases was the question presented as in this case. No application was made by the defendant for time to prepare his motion for continuance or a postponement for sufficient time to give him an opportunity to rebut the testimony of his codefendant whom the state called to testify as a witness against him. In this case, as shown by the record, the defendant announced ready for trial,

knowing the codefendant's (J. H. Shelton's) case had been disposed of by a plea of guilty and sentence, the jury was selected and ready to be sworn when the state asked permission to indorse the name of J. H. Shelton on the information in order that it might use him as a witness. It is true the defendant in this case was charged with the knowledge that J. H. Shelton was a codefendant, and under the statute might be called as a witness to testify against him, but, in view of the fact that nothing had been said about J. H. Shelton being called as a witness until after the jury was selected and ready to be sworn, it is important to consider the question as to whether or not the proceedings taken in this case were such as to give the defendant that fair and impartial trial to which he is entitled under the laws of this state, and it is further important to consider the question as to his codefendant's (J. H. Shelton's) case being disposed of some time before this defendant was called for trial.

In this case, when the motion was made by the county attorney to indorse the name of J. H. Shelton on the information and to use him as a witness, the defendant asked for time to prepare a motion for continuance or for a postponement for sufficient time to prepare his defense and to secure testimony to meet the testimony of J. H. Shelton. This motion and request of the defendant was overruled by the court. The defendant duly excepted, and the defendant now urges that, in view of the condition of the record in this case, it was an abuse of discretion of the court to deny him a continuance or postponement for sufficient time to enable him to prepare to meet the testimony of J. H. Shelton.

The record in this case shows that the defendant protected his interest at every step in the progress of the trial, and followed the procedure laid down by this court

when the motion was made by the state after the jury had been selected to try his case by making his request for time to prepare a motion for continuance or postponement for a sufficient time to be ready to meet this codefendant Shelton's evidence.

The question as presented by the record in this case, so far as we are able to find, has only been passed on directly by this court in one case. In the case of Hoskins v. State, 32 Okla. Cr. 151, 240 Pac. 659, the identical question presented by the record in this case was before this court, and this court laid down the following rule:

"Where, however, the names of material witnesses are endorsed during the trial, the defendant, upon seasonable application, should be given time to make a showing for a postponement in order that he may meet the evidence of the witness so endorsed. Upon the record before us, we believe it was an abuse of discretion to permit the endorsement of the name of a codefendant without giving defendant time to make an application for a postponement or a continuance."

The refusal of the trial court to allow the defendant time to make a showing upon the indorsement of the name of his codefendant, J. H. Shelton, as a witness, was prejudicial error.

The case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.