JOE HOCHDERFFER et al. v. STATE.

No. A-7735.   Opinion Filed Jan. 17, 1931.
(295 Pac. 236.)

Howard F. Wilson, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were convicted in the county court of Kay county of the offense of unlawful possession of intoxicating liquor, and their punishment fixed by the jury at a fine of $50 each and imprisonment in the county jail for 30 days each.

The evidence of the state was that the officers having a search warrant searched the warehouse of the defendants and found concealed therein 140 gallons of whisky, 9 gallons of alcohol, a copper blending vat with capacity of from 75 to 100 gallons, some empty kegs and fruit jars, and a large number of empty bottles, together with some .paraphernalia and seals to be placed on bottles when filled.

The defendants did not take the witness stand and offered no evidence in their defense.

The defendants first contend that the court erred in permitting the state to indorse the name of the witness Carroll Bengsten upon the information after the trial had started.

It appears from the record that the case was called for trial on the 23d day of October, 1929; that both the state and the defendants announced ready for trial, and a jury was duly impaneled. The opening statement of the state and of the defendants was made, and thereupon the state called as witnesses Bill Padgett, Harold J. Meade, F. D. Irby, and Carroll Bengsten. At the time the witness Bengsten was called, the defendants objected for the reason that the name of the witness was not indorsed on the information. A hearing was had on this question out of the presence of the jury, and it was made to appear by the state that this witness' name had been indorsed on the information, by the county attorney, the day before the trial began, but that permission to indorse the name had not been obtained from the trial court. It was further made to appear by the state that the state knew of this witness, but had not known his name, and that the sheriff had gone to Tonkawa on the day before the trial and, after a search, had found the witness and brought him to Newkirk, and that it was then that the county attorney for the first time learned the name of this witness and was able to indorse the name on the information, and such name was by the county attorney indorsed on the information which was placed in the file of the court, where defendants and their counsel had opportunity to see it.

Upon this showing, the court approved the indorsement of the name of the witness on the information as

422

made by the county attorney and permitted the witness to testify in chief.

It is reversible error in a misdemeanor case for the trial court, over the objection of the defendant, to permit a witness whose name has not been indorsed on the information, to testify in chief for the state. But the court in the exercise of its discretion may permit the indorsement of the name of the witness by the state upon the information where it appears that, without plan or design on the part of the state, the name was accidentally omitted, or that the state had not learned the name of the witness until after the trial was begun, or in any case where it appears that the state has used due diligence in procuring the name of the witness and having it indorsed upon the information. Steen v. State, 4 Okla. Cr. 309, 111 Pac. 1097; Hawkins v. State, 6 Okla. Cr. 308, 118 Pac. 607; Leigh v. State, 34 Okla. Cr. 338, 246 Pac. 667.

The trial court did not err in permitting the witness Bengsten to testify in the trial of the case.

Defendant next contends that the evidence is insufficient to support the verdict of the jury. There is no merit in this contention.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.