## A. E. LOUDERMILK v. STATE.

No. A-10673.    Feb. 12, 1947.
(177 P. 2d 129.)

R. O. Swimmer, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, P. J.   Defendant, A. E. Loudermilk, was charged in the court of common pleas of Oklahoma county with the offense of the unlawful possession of intoxicating liquor, to wit: nine 4/5ths bottles of tax-paid liquor." He was tried, convicted and sentenced to pay a fine of $50, and to serve 30 days in the county jail, and has appealed.

For reversal of this case, it is contended:

"1.    Error of the court in overruling motion to suppress the evidence.

"2    Prejudicial errors of the state in putting character of defendant at issue; misconduct of prosecuting counsel in asking prejudicial and suggestive questions.

"3.    Error of court in allowing endorsement of witness on information prior to conclusion of trial and refusal to allow continuance for a reasonable time because of the surprise."

The affidavit for the search warrant was introduced in evidence when the court considered the motion to suppress the evidence obtained thereon. It was regular on its face and was sworn to before the justice of the peace who issued the search warrant. It is contended that the officer did not state to the justice that he swore to the affidavit. The officer testified that he signed the affidavit in the presence of the justice of the peace, and it shows on its face to have been sworn to. This is sufficient, as it is not necessary to show that the party actually declared to the justice of the peace that he swore to the same. Farrow v. State, 71 Okla. Cr. 397, 112 P. 2d 186; 22 C. J. S., Criminal Law, § 308, p. 461.

L. J. Kolb, the deputy sheriff who executed the search warrant, testified as follows:

"Q. Did you know Mr. Loudermilk previous to January 13, 1945?" (Objection upon the grounds that defendant's character was being placed at issued is overruled.) "A Yes, sir; I have known him for some time.  Q. How long have you known Mr. Loudermilk?  A. About a year. Q. About a year?  A. Yes.  Q. Do you know if Mr. Loudermilk has lived at this address all of that time?  A. No, sir; he hasn't lived at this address all of the time I have known him.  Q. During the nine months previous to January, 1945, have you ever served any other search warrant on the defendant?" (Objection again overruled.)

It is contended that this was an attack upon the character of defendant. We do not think the question was for

that purpose. Two search warrants had been served on defendant, one for his automobile and one for his premises. This question was primarily for the purpose of indentifying the premises of defendant. However, the record does not disclose that the question was ever answered in the presence of the jury, which was excused during the time the question was presented to the court.

It is next contended that the court erred in permitting the endorsement of the name of a witness on the information during the trial, and refusal to allow continuance for a reasonable time because of the surprise.

The witness whose name was endorsed was Nash A. Setzer. At the time permission was asked to endorse his name, the court asked counsel for defendant if he wanted "a continuance until tomorrow morning," and counsel replied: "No, we ask to have the case stricken. The Court: Overruled, and exceptions allowed."

The witness identified a certified copy of a record card procured from the office of the Collector of Internal Revenue in Oklahoma City, showing that defendant had been issued a special tax stamp as a retail liquor dealer, and the same was introduced in evidence over the objection of defendant. The witness did not testify to any facts in the case. We have often held that in misdemeanor cases the court has the right to permit the endorsement of witnesses on the information during the trial of the case. Boston v. State, 39 Okla. Cr. 275, 264 P. 212; Fitzgerald v. State, 75 Okla. Cr. 192, 129 P. 2d 867; Shieve v. State, 30 Okla. Cr. 91, 235 P. 254. This was within the discretion of the trial court. Graham v. State, 45 Okla. Cr. 177, 282 P. 695; Coldiron v. State, 49 Okla. Cr. 310, 294 P. 207; Hochderffer v. State, 49 Okla. Cr. 420, 295 P. 236; Anthony v. State, 55 Okla. Cr. 260, 28 P. 2d 115.

378

We do not find that, under the facts here presented, the court abused its discretion in permitting the name of the witness to be endorsed, or that the defendant was prejudiced by the action of the court.

Finding no error, the judgment of the court of common pleas of Oklahoma county is affirmed.

JONES and BRETT, JJ., concur.