## HARDING v. STATE.

No. A-11493.   Nov. 21, 1951.

(238 P. 2d 376.)

W. A. Barnett, Okmulgee, for plaintiff in error.

Mac Q. Wiillamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error Lowell Russell Harding, defendant below, was charged by information in the county court of Okmulgee county with the crime of driving an automobile while under the influence of intoxicating liquor. Title 47, § 93, O. S. 1941. The offense was alleged to have been committed on November 2, 1949, in the city of Okmulgee, Okmulgee county. The defendant was tried by a jury, convicted, his punishment fixed .at 6 months in the county jail and a $300 fine, and judgment and sentence entered accordingly. It is not necessary to give a detailed discussion of the facts. It is sufficient to say that the facts relative to drunken driving were provided by Officer Hayden Hendrickson. He was the sole witness for the state as to the charge and testified to the drunken driving of the defendant and his condition at the time he was arrested and taken from the automobile and placed in jail. Hendrickson, a city policeman in Okmulgee, was driving in a city automobile together with another officer by the name of Kirk Lawhead, who though endorsed on the information as a witness was not available at the trial. The record discloses that after both parties announced ready for trial and a jury had been empaneled and sworn to try the issues in the case, the county attorney asked leave of the court to endorse the name of Hayden Hendrickson upon the information. He gave no reason as to why his name had not been theretofore endorsed on the information, and he made no factual statement upon which the court might have excused the failure so to do. These conclusions are borne out by the record, the pertinent part of which reads as follows towit:

"Mr. Bailey: Comes now the County Attorney and requests permission of the Court to amend the Information by including Hayden Hendrickson as a witness, and asks leave of the Court to endorse the name of Hayden Hendrickson as a witness on the information. Mr. Barnett: If your Honor please, the defendant objects for the reason that he has had no prior notice whatever that this party would be called upon to testify as a witness in the case pending against him, and he has therefore been unable to procure any information or make any investigation or attempt to prepare for trial against the. information to which this witness might testify and for the further reason that he had no previous intimation that such witness would be called to testify in this case, and therefore asks for continuance. The Court: As I understand it, this witness is going to testify to the same information that Mr. Lawhead would have testified, had he been here. Mr. Barnett: If your Honor please, I don't know what he is going to testify. The Court: The motion is granted. Mr. Barnett: Note the defendant's exception, please."

As hereinbefore indicated the trial court overruled the objection and required the defendant to stand trial with the result as hereinbefore set forth. Upon these conditions the defendant predicates his only valid objection to the conviction. This contention is to the effect that the trial court erred in permitting the county attorney after the jury was empaneled to endorse on the information the name of witness Hayden Hendrickson over the defendant's objection and exception. The defendant relies for support of this contention upon the provisions of Title 22, § 303, O. S. 1941, which reads as follows towit:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

In construing the foregoing section of the statutes, this court has held in Eveland v. State, 87 Okla. Cr. 161, 195 P. 2d 771, in syllabus 2:

"The endorsement of witnesses on the information may be permitted at any time within the sound discretion of the court."

In Hochderffer v. State, 49 Okla. Cr. 420, 295 P. 236, in the body of the opinion, the rule is stated as follows:

"It is reversible error in a misdemeanor case for the trial court, over the objection of the defendant, to permit a witness whose name has not been indorsed on the information, to testify in chief for the state. But the court in the exercise of its discretion may permit the indorsement of the name of the witness by the state upon the information where it appears that, without plan or design on the part of the state, the name was accidentally omitted, or that the state had not learned the name of the witness until after the trial was begun, or in any case where it appears that the state has used due diligence in procuring the name of the witness and having it indorsed upon the information. Steen v. State, 4 Okla. Cr. 309, 111 P. 1097; Hawkins v. State, 6 Okla. Cr. 308, 118 P. 607; Leigh v. State, 34 Okla. Cr. 338, 246 P. 667."

In order for the trial court's ruling in overruling the defendant's objection under such conditions to be sustained in the appellate court, it must appear from the record that there was no abuse of discretion. In the body of the opinion in Shaw v. State, 53 Okla. Cr. 389, at page 390, 12 P. 2d 550, it was said:

"Sections 2511 and 2550, Comp. St. 1921 [22 O. S. 1951 §§ 303, 384], provide for the indorsing of the names of witnesses on informations in cases less than capital. This court has held many times in such cases that the names of additional witnesses may be indorsed at any time within the discretion of the court. Such indorsement is not error unless there is an abuse of this discretion. Nelson v. State, 5 Okla. Cr. 368, 114 P. 1124; Bigfeather v. State, 7 Okla. Cr. 364, 123 P. 1026; Star v. State, 9 Okla. Cr. 210, 131 P. 542; Montgomery v. State, 19 Okla. Cr. 224, 199 P. 222."

It has been held that the foregoing statute has no application to felony cases. Star v. State, supra. In Shieve v. State, 30 Okla. Cr. 91, 235 P. 254, in syllabus 2, the court stated the rule as follows:

"Where it appears that the name of a witness was omitted from an information through inadvertence and without any bad faith, and the court permits such name to be indorsed on the information after the jury is impaneled and sworn, such ruling of the court is not an abuse of discretion."

The foregoing cases while stating the rule are not in point from a factual standpoint but the case of Steen v. State, 4 Okla. Cr. 309, 111 P. 1097, is in point from both a factual and principle standpoint. In the Steen case this court said:

"But in the present case the name of the witness Ezell was never indorsed on the information, and the case-made does not disclose when the witness was discovered, or that any showing was made by the county attorney to the court that he had just learned of the witness. On the contrary, the circumstances indicate that the prosecution had the evidence of this witness in mind all along in the preparation of its case. The court therefore erred in overruling the objection."

It is apparent that in the Steen case the court had nothing upon which to predicate an exercise of judicial discretion. Clark v. State, 5 Okla. Cr. 189, 113 P. 992, relied on by the defendant herein, cites the Steen case. In the Steen case there was a question of judicial discretion involved just as was involved in Stevens v. State, 94 Okla. Cr. 216, 232 P. 2d 949, 959. The question involved in the Stevens case was in relation to the exercise of the trial court's discretion in failing to grant a new trial because of the disqualification of the jury foreman by reason of prior expressed prejudice. Therein it was said "As a matter of fact the holding of the trial court was not supported by a scintilla of evidence." Herein the burden was on the state to affirmatively show why the provisions of the statute, requiring the endorsement of state's witnesses on the information, had not been met. There was not the slightest attempt to justify such failure, on any of the grounds enumerated in the hereinbefore cited cases. Under these conditions there was nothing upon which the trial court could exercise its judicial discretion. Hence, it is apparent that the court erred in not sustaining the defendant's objection to the endorsement of Hendrickson's name on the information in the absence of the state making a proper showing as to why the said name had not been endorsed thereon or such showing as would excuse the failure so to do. The failure to make such a showing under the facts herein involved constitutes reversible error as an abuse of discretion.

One other assignment is made but it is wholly without merit and it will not be necessary to consider the same. For the foregoing reasons the judgment and sentence herein imposed is accordingly reversed and remanded, with directions to retry the defendant in conformity with law. This is a regrettable situation because under the facts the jury was clearly justified in finding the defendant guilty, but since this is a government of laws and not of men, we are bound to reverse the conviction herein obtained, and require the state to retry the defendant.

JONES and POWELL, J., concur.