**William Thomas McCOY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–187.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1977.

Rehearing Denied Sept. 16, 1977.

Robert T. Keel, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

PER CURIAM:

The appellant, William Thomas McCoy, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF-76-1785, with the offense of Carrying a Firearm, After Former Conviction of a Felony, in violation of 21 O.S. 1971, § 1283. He was convicted by a jury, and was given a sentence of three (3) years' imprisonment. From said judgment and sentence the defendant has appealed to this Court.

A recitation of the facts is unnecessary in this case, since the defendant's sole assignment of error is that the trial court permitted the State to present a witness who was not endorsed on the information, resulting in surprise to the defendant. Defendant cites *Britt v. State,* Okl.Cr., 285 P.2d 441 (1955) which quotes from *Harding v. State,* 95 Okl.Cr. 8, 238 P.2d 376 (1951), arguing that the trial court abused its discretion in permitting the witness to testify after the State failed to say why the name was not endorsed on the information until the day of the trial.

*Harding,* however, is not in point, since in that case, as was stated in *Britt,* the State stood mute concerning its failure to endorse the witness at the proper time; so that there was nothing upon which the trial court could exercise judicial discretion. In the instant case, however, the counsel for the State told the court that he had notified the defendant's counsel the previous day of his intended endorsement of the additional witness. In addition, the Court offered the defendant an opportunity to interview the witness before he took the stand. Had he conducted such an interview and then informed the court that additional time was needed and stated the reason therefor, a continuance may have been justified. But under the facts as set forth in the record we find nothing which would justify our interfering with the trial court's exercise of his sound discretion.

The judgment and sentence is *AFFIRMED.*

## OPINION ON REHEARING

BUSSEY, Presiding Judge:

In the defendant's Petition for Rehearing, he urges that the endorsement of witness F. E. McAnally, on the day of trial was in bad faith, and relies on *Boston v. State,* 39 Okl.Cr. 275, 264 P. 212 (1928), and *McCollough v. State,* Okl.Cr., 360 P.2d 727 (1961), which were considered by the Court in the preparation of our original opinion. He also cites *Bisanar v. State,* 93 Okl.Cr. 7, 223 P.2d 795 (1950), which was not previously considered by the Court. These cases demonstrate the principal that the late endorsement of witnesses prior to or during trial will not be a ground for reversal unless it affirmatively appears that counsel's motion for a continuance or delay in order to interview the witness and prepare a defense was arbitrarily overruled and that said endorsement operated to prejudice the defendant in the preparation and presentation of his defense. An examination of the record fails to reflect prejudice to the defendant in the preparation and presentation of his defense, and for this reason we find the Petition for Rehearing to be without merit.

The judgment and sentence appealed from is AFFIRMED, and the Clerk of this Court is directed to issue the MANDATE FORTHWITH.

BRETT, J., concurs.